Atkinson, J.,
delivered the opinion of the court:
The findings show that claimant was a major in the-United States Army who was convicted by a civil court in the Philippine Islands, and on a writ of error the decision of the trial court was reversed by the Supreme Court of the United States (208 U. S., 1). He was also tried by a general court-martial and was dismissed from the Army. Subsequently he was reinstated in the military service under the-act of June 10, 1910 (36 Stats., 600), and was placed on the retired list with the rank of major. Claimant was under waiting orders of the War Department during the pendency of his trial, and as no military quarters were available he furnished his own quarters and filed a claim for commutation amounting to $216, in accordance with the ratés established by War Department regulations, which claim was disallowed by the auditor for said department on the ground that as claimant “was not on duty at a station -without troops, he is not entitled to commutation for quarters for the period claimed.” The case was appealed to the Comptroller of the Treasury, who sustained the action of the auditor.. Hence this suit.
The same principle that was in .part involved, in Walsh v. United, States (43 C. Cls., 225) is controlling in this case,.' *282 although the facts are not entirely the same. Walsh was tried by an illegally constituted court-martial, but was on waiting orders, without troops, during the pendency of his trial. His claim was rejected for commutation for quarters by the accounting officers of the Treasury Department. In the case at bar claimant was tried and convicted in a civil court at Manila, and the judgment of the court below was reversed by the Supreme Court of the United States. He was, as we have already stated, subsequently tried, convicted, and dismissed from the Army by a military court-martial, and was thereafter reinstated and retired. In Walsh’s case it was decided that it required the decision of a court-martial to deprive an- Army officer of his pay and emoluments. Therefore, we must hold in this case that although claimant was first tried by a civil tribunal, he was afterwards tried by a general military court-martial, and being under waiting orders issued by authority of the War Department, which covered the time involved in both trials, he is entitled to all of the emoluments allowed by Army Regulations, which include commutation for quarters.
Judgment against the United States in the sum of $216 is accordingly rendered.